# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVET CLAVON, | No.  CV 04-10282-JTL |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On December 22, 2004, Evet Clavon ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits and supplemental security income.  On February 14, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on August 14, 2005, defendant filed an Answer to Complaint.  On November 2, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On or about June 5, 1997 and August 13, 1997, plaintiff filed applications for Supplemental Security Income and disability insurance benefits, respectively. (Administrative Record ["AR"] at 187-89, 63-65). Plaintiff alleged that beginning on March 31, 1992, she was unable to work because she suffered from carpal tunnel syndrome and "upper extremity difficulties." (AR at 76). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 190-91, 57-60).

On March 13, 1998, plaintiff filed a Request for Hearing by Administrative Law Judge. (AR at 61). On March 17, 1999, the Administrative Law Judge ("ALJ") conducted a hearing in Long Beach, California, at which no testimony was taken and the matter was continued to allow plaintiff to retain counsel. (AR at 396-401). On April 28, 1999, the ALJ issued an Order of Dismissal, dismissing the case because plaintiff allegedly failed to appear at the hearing. (AR at 194-95). On May 19, 2000, the Appeals Council remanded the case to the ALJ on the ground that the ALJ incorrectly stated that claimant failed to appear. (AR at 202).

A second hearing was held on February 15, 2001 in Los Angeles, California. (AR at 402-08). The hearing was continued to allow plaintiff to retain counsel. (AR at 406). A continued hearing was held on May 23, 2001 in Los Angeles, California. (AR at 410-30). Plaintiff appeared with counsel. (AR at 410). Roger Bertoldi, M.D., a medical expert, also appeared and testified. (AR at 420-29). Sandra Schneider, a vocational expert, appeared but did not testify. (AR at 410).

///

On March 5, 2002, the ALJ issued his decision denying benefits. (AR at 281-87). In his decision, the ALJ concluded that plaintiff suffered from severe impairments of carpal tunnel syndrome and cervical disc disease. (AR at 286). The ALJ, however, determined that plaintiff's impairments did not meet or equal a listed impairment in Appendix 1, Subpart P, and Regulation No. 4. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act because he retained the residual functional capacity to perform his past relevant work as a data entry operator and office clerk. (AR at 287).

On March 22, 2002, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 291). The Appeals Council subsequently remanded the case to the ALJ in order to obtain additional evidence concerning plaintiff's impairment and complete the administrative record; give consideration and explain the weight given to treating, examining, and non-examining source opinions; evaluate plaintiff's subjective complaints; and consider the combined effect of plaintiff's limitations and provide an appropriate rationale for all findings. (AR at 294-95).

On June 19, 2003, the ALJ conducted a hearing in Los Angeles, California to address the Appeals Council's order. (AR at 431-63). Plaintiff appeared with counsel and testified. (AR at 453-62). Ronald Andiman, M.D., a medical expert, and Sandra Trost, a vocational expert, also appeared and testified. (AR at 437-53, 463). On December 10, 2003, the ALJ issued his decision denying benefits. (AR at 281-87). In his decision, the ALJ concluded that plaintiff did not have any medically determinable impairments or combination of impairments that significantly limited her basic work abilities. (AR

at 40).   Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act.   (Id.).

On January 12, 2004, plaintiff filed a request with the Appeals Council for review of the ALJ's decision.   (AR at 20).   Thereafter, plaintiff submitted additional evidence to the Appeals Council, consisting of medical records from December 5, 2002 through January 28, 2004 from the East Los Angeles Health Task Force.   (AR at 378-95). The Appeals Council subsequently affirmed the ALJ's decision.   (AR at 11-13).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1.   The ALJ erred in finding that plaintiff did not suffer from a severe impairment.

2.   The ALJ failed to fully and fairly develop the record with regard to plaintiff's mental state.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.   DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).   Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

///

4

1    Substantial evidence is "such relevant evidence as a reasonable
2    mind might accept as adequate to support a conclusion." <u>Richardson</u>,
3    402 U.S. at 401.   This Court must review the record as a whole and
4    consider adverse as well as supporting evidence.   <u>Green v. Heckler</u>,
5    803 F.2d 528, 529-30 (9th Cir. 1986).   Where evidence is susceptible
6    of more than one rational interpretation, the ALJ's decision must be
7    upheld.   <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

8

9                              **DISCUSSION**
10   **A.   <u>The Sequential Evaluation</u>**
11       The Commissioner has established a five-step sequential process
12   for determining whether a claimant is disabled.   20 C.F.R. §§
13   404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42
14   (1987).   At step one, disability benefits are denied if the
15   Commissioner determines that the claimant is engaged in substantial
16   gainful activity.   <u>Id.</u> at 140.   At step two, the Commissioner
17   evaluates whether the claimant has a medically severe impairment which
18   significantly limits his physical or mental ability to do basic work
19   activities.   <u>Id.</u> at 140-41.   Step three requires a consideration of
20   whether the claimant's impairment is equivalent to one of a number of
21   listed impairments that are so severe as to preclude substantial
22   gainful activity.   <u>Id.</u> at 141.   If the impediment meets or equals one
23   of the listed impairments, the claimant is presumptively disabled.
24   <u>Id.</u> If the impairment is not one that is conclusively presumed to be
25   disabling, step four of the evaluation determines whether the
26   impairment prevents the claimant from performing work he has performed
27   in the past.   <u>Id.</u> If the claimant cannot perform his past work, the
28   fifth and final step determines whether he is able to perform other

1    work in the national economy in light of his age, education and work

2    experience.  Bowen, 482 U.S. at 142.  The claimant is entitled to

3    disability benefits only if he is not able to perform such work.  Id.

4

5    **B.    Whether Plaintiff's Complaints Constituted a Severe Impairment**

6         Plaintiff contends that the ALJ erred in finding that plaintiff

7    did not suffer from a severe impairment.  According to plaintiff, the

8    ALJ erred in favoring the opinions of non-examining and examining

9    physicians over the opinions of plaintiff's treating and examining

10   physicians.

11        "An impairment or combination of impairments is not severe if it

12   does not significantly limit [the claimant's] physical ability to do

13   basic work activities."  20 C.F.R. § 404.1521(a).  Basic work

14   activities include the "abilities and aptitudes necessary to do most

15   jobs," such as "understanding, carrying out, and remembering simple

16   instructions" and "responding appropriately to supervision, co-workers

17   and usual work conditions."  20 C.F.R. § 404.1521(b)(3)-(4); see also

18   Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v.

19   Bowen, 841 F.2d 303, 306 (9th Cir. 1988).  "An impairment or

20   combination of impairments can be found 'not severe' only if the

21   evidence establishes a slight abnormality that has 'no more than a

22   minimal effect on an individual's ability to work.'"  Smolen, 80 F.3d

23   at 1290 (quoting Yuckert, 841 F.2d at 306).  The severity inquiry at

24   step two is a de minimus screening device, intended to allow the

25   Commissioner to dispose of groundless claims.  Bowen v. Yuckert, 482

26   U.S. 137, 153 (1987); Smolen, 80 F.3d at 1290.

27        Here, the ALJ erred in finding that plaintiff's impairments were

28   not severe.  First, plaintiff's treating physician opined that her

impairments were serious to an extent that disabled her.  On March 8,
1999, Accie M. Mitchell, M.D., examined plaintiff and found mild
swelling in her right hand and wrists, atrophy on her entire right
arm, diminished sensation and grip in the wrists and digits with
diffuse tenderness, and increased warmth with mild erythema over her
right wrist, both elbows, and finger joints.  (AR at 232).  Similarly,
on June 15, 2000, Dr. Mitchell found mild swelling in plaintiff's
right hand and wrists, general atrophy of her entire right arm, and
diminished sensation and grip in her wrists and digits with diffuse
tenderness.  (AR at 253).  Dr. Mitchell also noted that plaintiff was
wearing a wrist brace on her right wrist.  (Id.).  After both
examinations, Dr. Mitchell opined that plaintiff was "totally
disabled."  (AR at 233, 254).

      In addition to Dr. Mitchell, a number of physicians noted that
plaintiff suffers from limitations in her hands.  In connection with
a worker's compensation claim, Philip Sobol, M.D., an orthopedic
surgeon, found tendinitis of the bilateral wrists and forearms,
entrapment of the ulnar nerve at the elbow, and bilateral carpal
tunnel syndrome.  (AR at 162).  Dr. Sobol recommended rehabilitative
exercise and a splint/brace for her wrist for a duration of four to
six weeks and opined that residual permanent disability was probably
anticipated.  (AR at 167).  Ibrahim Yashruti, M.D., an orthopedic
surgeon who performed a consultative examination on plaintiff, noted
decreased sensation in both her hands, including her thumb, index,
middle and fifth fingers, although Dr. Yashruti eventually found that
plaintiff is able to work.  (AR at 174).  Sherman Hershfield, M.D.,
conducted an examination of plaintiff in which he noted that plaintiff
showed "symptoms of bilateral Tinel's sign of the right and left

median nerves at the wrists and she had been diagnosed with bilateral carpal tunnel syndrome."[1]  (AR at 248).  On September 20, 2001, Lenore Limos, M.D., conducted a Neurological Evaluation on plaintiff, whereby she found that plaintiff tested positive bilaterally on both Tinel's and Phalen's[2] sign tests.  (AR at 270).  Overall, Dr. Limos found that plaintiff's grips and manual dexterity were decreased because of bilateral upper extremity radicular pains and numbness and that her coordination was also affected by this problem.  (AR at 273).  On December 6, 2002, Robert A. Moore, M.D., performed a Neurological Evaluation on plaintiff and noted that she had a recent right wrist fracture.  (AR at 333).  Thus, a number of physicians examined plaintiff and found evidence of limitations in her hands.

Thus, notwithstanding suspicions from other physicians that plaintiff exaggerated her symptoms or failed to cooperate with testing (AR at 137, 161. 174, 240, 246-47), multiple physicians examined plaintiff, including her treating physician, and found that she suffered from impairments in her hands.  (AR at 162, 167, 174, 232, 248, 253, 270, 273, 333).  Whether there was enough evidence to find

---

[1]  A Tinel's sign test involves tapping on the inside of a patient's wrist over the median nerve in a test for carpal tunnel syndrome. If a patient feels "tingling, numbness, 'pins and needles,' or a mild 'electrical shock' sensation" in the hand when tapped on the wrist, he or she may have carpal tunnel syndrome.  http://www.webmd.com/hw/carpal_tunnel/hw212331.asp.

[2]  A Phalen's sign test involves resting elbows on a flat surface, with elbows bent and forearms up, flexing one's wrists, and letting one's hands hang down for sixty seconds.  If a patient feels tingling, numbness, or pain in the fingers within 60 seconds, he or she may have carpal tunnel syndrome. http://www.webmd.com/hw/carpal_tunnel/hw212331.asp.

1   that plaintiff's carpal tunnel syndrome and pain in her upper
2   extremities sufficiently impacted her ability to do work is a separate
3   issue.  The foregoing is sufficient to meet the <u>de minimus</u> standard
4   that must be applied to the Step Two severity inquiry.  <u>See</u> <u>Bowen</u>, 482
5   U.S. at 153; <u>Smolen</u>, 80 F.3d at 1290.

6   **C.   <u>Remand is Required to Remedy Defects in the ALJ's Decision</u>**

7       The choice of whether to reverse and remand for further
8   administrative proceedings, or to reverse and simply award benefits,
9   is within the discretion of the Court.  <u>McAlister v. Sullivan</u>, 888
10  F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional
11  proceedings would remedy defects in the ALJ's decision, and where the
12  record should be developed more fully.  <u>McAlister</u>, 888 F.2d at 603;
13  <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1990).  An award of
14  benefits is appropriate where no useful purpose would be served by
15  further administrative proceedings, <u>see</u> <u>Gamble v. Chater</u>, 68 F.3d 319,
16  322-23 (9th Cir. 1995), where the record has been fully developed, <u>see</u>
17  <u>Schneider v. Commissioner of the Social Security Administration</u>, 223
18  F.3d 968, 976 (9th Cir. 2000); <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1455
19  (9th Cir. 1993), or where remand would unnecessarily delay the receipt
20  of benefits.  <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir.
21  1996).

22      In this case, the Court finds remand appropriate.  On remand,
23  the ALJ must determine whether plaintiff's severe impairment meets or
24  equals a listed impairment.  On remand, at the step two inquiry, the
25  ALJ must consider the effect of all plaintiff's impairments on
26  plaintiff's ability to function, without regard to whether each alone
27  was sufficiently severe.  <u>See</u> <u>Smolen</u>, 80 F.3d at 1290.  The ALJ must

28

then determine whether the impairment prevents plaintiff from performing work she has performed in the past.  If plaintiff cannot perform her past work, the ALJ must finally determine whether she is able to perform other work in the national economy in light of her age, education and work experience.[3]


**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: February 24, 2006


/s/
_____
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[3]   Plaintiff has raised another claim of error regarding the ALJ's decision, namely, that the ALJ failed to fully and fairly develop the record with regard to plaintiff's mental state.  On remand, the ALJ should consider the plaintiff's remaining argument.